J-S09008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

GEORGE M. VIDRA

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 872 EDA 2019

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008683-2012

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                         **FILED JULY 31, 2020**

George M. Vidra, Appellant, appeals from the March 4, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the following factual and procedural background:

> On March 15, 2013, [Appellant] entered a negotiated guilty plea before the Honorable Benjamin Lerner to two counts of homicide by vehicle while driving under the influence and, one count of driving under the influence, and was sentenced to a term of eight (8) to twenty (20) years of state incarceration.  No post-sentence motion or notice of appeal was filed.  On August 3, 2015, [Appellant] filed a *pro se* petition under the [PCRA].  David S. Rudenstein, Esquire, was appointed PCRA counsel and entered his appearance on August 11, 2015.  Mr. Rudenstein filed an amended PCRA petition on March 14, 2016.  Upon Judge Lerner's retirement, this case was assigned to the Honorable Lillian Ransom on

---

[*]  Retired Senior Judge assigned to the Superior Court.

March 24, 2016. Thereafter, on May 10, 2016, the Commonwealth filed a motion to dismiss the PCRA petition. On June 17, 2016, Judge Ransom issued a Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition, granted appointed counsel's motion to withdraw, and permitted [Appellant] to proceed *pro se*. However, on July 7, 2016, Michael McDermott, Esquire, newly retained PCRA counsel, filed an amended PCRA petition in this case.

The case was assigned to this court on November 29, 2016, upon Judge Ransom's appointment to the Superior Court. The Commonwealth filed a motion to dismiss on July 20, 2017. On August 28, 2017, this court formally dismissed the untimely PCRA petition, and [Appellant] filed a notice of Appeal on September 20, 2017. On September 25, 2017, [Appellant] was ordered to file a statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). [Appellant] filed said statement on October 16, 2017. This court issued an Opinion on January 11, 2018. On January 16, 2018, [Appellant] filed a subsequent PCRA petition. This court formally dismissed the subsequent PCRA petition as premature on April 27, 2018.

* * *

The instant PCRA petition, [Appellant's] third, was filed on June 27, 2018 and amended on September 14, 2018. [Appellant] filed the instant petition while his first petition was still on direct appeal.[1] The Commonwealth filed a motion to dismiss November 26, 2018. Subsequently, [Appellant] filed a response to the motion to dismiss on January 23, 2019. On January 25, 2019, this court issued a notice of intent to dismiss the petition, pursuant to Pa.R.Crim.P. 907, and formally dismissed it on March [4], 2019.

_____

[1] The PCRA court stated that Appellant filed the instant petition on June 27, 2018, while his first petition was on direct appeal. It appears Appellant actually filed petitions on June 13, 2018, June 27, 2018, and November 21, 2018 and that this appeal is from the denial of the June 13, 2018 petition. Furthermore, it is incorrect that Appellant's first petition was on direct appeal in June of 2018. Appellant had filed a motion to discontinue that appeal and the same was granted on May 8, 2018. Thus, there was no appeal pending when Appellant filed the instant PCRA petition and the PCRA court was mistaken when it found in its June 7, 2019 Opinion that the instant petition was premature because of a pending appeal.

[Appellant] filed a notice of appeal on March 18, 2019. Pursuant to Pa.R.A.P. 1925(b), this court ordered [Appellant] to file a statement of errors complained of on appeal on March 19, 2019, and [Appellant] filed said statement on March 25, 2019. PCRA counsel amended it on April 10, 2019.

PCRA Court Opinion, 6/7/19, at 1-2.

Appellant presents the following questions for our review:

1. Did the court err by dismissing [Appellant's] PCRA petition as untimely per 42 Pa.C.S. § 9545(B)?

2. Did the court err by issuing a defective Pa.R.Crim.P. Rule 907 notice?

3. Did the court err by dismissing the issue on [Appellant's] PCRA [p]etition as without merit?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.*** (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013)

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. Pursuant to Section 9545(b):

b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

A petition invoking one of these exceptions must be filed within one year of the date the claim could first have been presented. 42 Pa.C.S.

§ 9545(b)(2).[2]  It is well established in this Commonwealth that the burden is on the petitioner/appellant to prove that one of the timeliness exceptions applies.  ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008). Further, Section 9545(b)(1)(ii) "requires petitioner to allege and prove that there were 'facts' that were 'unknown to him' and that he could not have ascertained those **facts** by the exercise of 'due diligence.'"  ***Marshall***, 947 A.2d at 720. (emphasis in original).  Indeed, "[t]he focus on the exception is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts."  ***Id***. (emphasis in original).  ***See also Commonwealth v. Edmiston***, 65 A.3d 339 (Pa. 2013) (finding that where references were made to certain photographs at trial, petitioner could not prove that the existence of the photos was unknown to him because he was aware of the factual basis for his claim fifteen years before he raised it in a PCRA).

In support of his first issue, Appellant argues that the PCRA court erred in finding that his PCRA petition was untimely.  Appellant's Brief at 9.

---

[2]  Section 9545(b)(2) was amended, changing the amount of time a PCRA petitioner has to present a claim under Section 9545(b)(1) from sixty days to one year from the time the claim could have been presented.  This change applies to claims arising on or after December 24, 2017.  ***See*** 42 Pa.C.S. § 9545(b)(2) (effective December 24, 2018), cmt.  In the instant case, Appellant avers that he learned of the new information in May and October of 2018; thus, Appellant's claim must have been presented within one year after it arose.

Specifically, Appellant posits that the following documents satisfy the exception:

(i)     On May 4, 2018 [Appellant] obtained a General Motors [GM] Field Action Report, which confirmed that a 2012 Camaro VIN #2G1FK3DJC918621 contained manufacturing defects causing the April 26, 2012 Accident.

(ii)    A May 5, 2018, Expert Report of Dr. Lawrence Guzzardi found [Appellant's] blood confirms he was not impaired on April 26, 2012.

(iii)   A May 10, 2018, [] Expert report authored by Mr. Jason Vrecsis confirmed that GM concealed manufacturer defects in the 2012 Camaro, which caused electronic computer module failure resulting in erratic steering, sudden, unintended acceleration and vehicle breaking failure outside operator's control;

(iv)    An October 18, 2018, Affidavit from Ms. Heather Luffman which Confirmed no fight occurred on the morning of the accident; and

(v)     On October 25, 2018, General Motors Company civilly admitted that the manufacturer defects likely or did cause the April 26, 2012 accident that resulted in deaths.

Appellant's Brief at 9-10. Based upon the above documents, Appellant avers that he has satisfied the time bar exemption, rendering his petition timely. *Id*. at 10.

Appellant relies on the following cases in support of his argument: ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (holding that [t]his exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) **the facts** upon which the claim was predicated were **unknown**; and (2) [those facts] could not have been

- 6 -

ascertained by the exercise of **due diligence**.") (emphasis in original); ***Commonwealth v. Burton***, 121 A.3d 1063, 1070-1071 (Pa. Super. 2015) (*en banc*) (stating that "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented. … [D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief."); and ***Commonwealth v. Chimiel***, 173 A.3d 617 (Pa. 2017) (finding that an FBI admission that use of hair analysis was not scientifically reliable constituted a newly discovery fact for purpose of Section 9545).

In further support of his argument, Appellant avers that on May 4, 2018, he contacted Brandon Scott, a G & E Motors employee to see if Scott could retrieve information confirming that the Camaro driven by Appellant, and rented from Hertz, was defective. Appellant's Brief at 14. Appellant states that Scott contacted General Motors ("GM"), and on May 7, 2018, Appellant received a fax from Scott that was sent from GM to Scott, which confirmed that "the vehicle rented by [Appellant] on April 26, 2012, causing the death of two (2) individuals was in fact defective." Appellant's Brief at 15.[3] Appellant

_____

[3] In his brief, Appellant references Exhibits A, B, and C. However, there are no exhibits attached to the brief filed with this Court. There are Exhibits A (Appellant's witness list), and Exhibits 1 (Dr. Guzzardi's expert opinion regarding Appellant's level of intoxication at the time of the accident), 2 (Mr. Vrecsis report regarding the car Appellant was driving at the time of the

contends that because GM actively concealed the information concerning the alleged defects, Appellant did not know and could not have known that GM had impeded him from pursuing the claim sooner.  Appellant's Brief at 15.[4]

Appellant also avers that, "[d]espite the fact that information concerning the defects of vehicles manufactured by General Motors may have been available, and thus, in the public domain prior to the filing of this petition, is irrelevant because it 'does not apply to pro se petitioners.'"  Appellant's Brief at 15 (citing **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017)).

_____

accident) and 3 (a document containing vehicle information about the car Appellant was driving at the time of the accident) attached to Appellant's PCRA petition filed on November 21, 2018.  We assume these are the exhibits to which Appellant refers.

[4]  Appellant also posits, later in his brief, that the affidavit of his former-girlfriend's mother, stating that Appellant and his former girlfriend were not fighting the day of the accident, and a report from Dr. Guzzardi, which states that Appellant was not impaired at the time of the accident, should also be considered by this Court. Appellant's Brief at 22.  As discussed above, those documents were dated October 18, 2018, and May 5, 2018, respectively. Appellant does not argue in any depth that the information contained in those documents constitutes new information, but even if he had, we would find that it was not new information as required by Section 9545(b).  This information, namely if he had been involved in a fight with his then-girlfriend prior to the accident and whether he was intoxicated at the time of accident, are facts of which Appellant was aware at the time of accident. **Commonwealth v. Brown**, 111 A.3d 171, 178 (Pa. Super. 2015)(finding that witness statement that victim reached towards his waistband and cursed at petitioner was information of which petitioner would have been aware because petitioner was aware the witness was present when those things occurred, thus Section 9545(b)(1)(ii) is not satisfied.)  Moreover, we note that Appellant admitted both of these facts during his guilty plea.  N.T. (Guilty Plea), 3/15/13, at 17, 18, 20.

In its brief, the Commonwealth argues that Appellant's newly discovered facts and evidence actually "present[] no new, underlying facts that [Appellant] did not know at the time he pleaded guilty or could not have known with due diligence." Commonwealth's Brief at 5. Specifically, the Commonwealth avers that Appellant claimed that GM recalled the car and had admitted to defects in the car's make and model in 2015. *Id*. at 8 (citing PCRA Petition, 8/3/15).

The Commonwealth also addressed the May 10, 2018 expert report, which was attached to Appellant's petition as Exhibit 2. In that report, Mr. Vrecsis stated that the cause of the accident was "due to electrical and electronic defects causing sudden unintended acceleration, loss of braking, loss of steering which directly caused the accident on 4/26/12 involving fatalities." Preliminary Export Report, 5/10/18, at unnumbered 2. In response, the Commonwealth argues that at the time of accident, Appellant would have been aware that the car's braking system failed, causing it to accelerate to a speed of over ninety-five miles per hour. Commonwealth's Brief at 9. Given that fact, the Commonwealth avers that Appellant did not exercise due diligence by waiting five years to have the car examined or the crash data analyzed. *Id*.[5] Finally, the Commonwealth cites ***Commonwealth***

_____

[5] We also note that Appellant references requests for admissions that he served upon GM in a federal, civil case Appellant brought against GM. In his PCRA petition, Appellant avers that GM allegedly failed to respond to the requests and a federal judge granted Appellant's motion to have the

*v. Ward-Green*, 141 A.3d 527, 537 (Pa. Super. 2016), in support of its argument. Commonwealth's Brief at 10. In that case, this Court found that a petition was untimely where "the only new fact [presented by petitioner regarding the alleged malfunction of her car] is the expert analysis of the disparate facts that were known" at an earlier date. *Ward-Green*, 141 A.3d at 537.

We find that Appellant has failed to satisfy the exception. First, Appellant has failed to explain why he waited until May 4, 2018, to contact Brandon Scott to see if Scott could retrieve information relating to the 2012 Camaro Appellant was driving at the time of the accident. Appellant's Brief at 14. It is well established in this Commonwealth that an appellant does not satisfy "Section 9545(b) if he fails to explain why, through the exercise of due diligence, the claim could not have been **filed** earlier. *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (emphasis in original). This is particularly relevant to this inquiry where Appellant stated in his 2015 PCRA petition as follows:

> ¶ 19. [Appellant] files the instant PCRA Petition within sixty (60) days of the 7/5/2015 discovery of interference by government officials concealing exculpatory evidence regarding Crash Data Recorder (CDR), Engine Control Module (EMC), Airbag Control Module (ACM) and the Event Data Recorder (EDR) unreliability and data corruption in the instant case[.]

---

admissions admitted. Appellant's Brief at 22. Although Appellant attached a copy of the requests for admissions to his November 21, 2018 petition, he did not attach any additional documentation regarding the admission of those requests for admission; thus, we will not consider them.

¶ 20. [Appellant] files the instant PCRA Petition within sixty (60) days of the manufacturer of the rented 2012 Camaro 7/20/15 admitting to mechanical, electrical, and electronic defects, causing accidents and death, resulting in lawsuits and judgments against the manufacturer, and a recall of the [Appellant's] rented 2012 Camaro.

¶ 21 [Appellant] files the instant PCRA Petition within sixty (60) days of the manufacturer of [Appellant's] rented 2012 Camaro 7/24/2015 revealing that their 2012 Camaro contains as many as 100 microcomputers that control breaks, locks, steering, engine acceleration and are susceptible to obstruction by wireless connections, and to exploitation by Hackers, which have caused accidents resulting in death.

* * *

¶ 31. Manufacture did recall the 2012 Camaro rented from Hertz by [Appellant] in the instant case.

¶ 32. Manufacturer admits defects in the 2012 ignition and electrical systems to fail.

¶ 33. Manufacturer admits that failures in the ignition and electric data system causes electronic modules such as CDR, EMC, ACM & EDR data to be unreliable.

¶ 34. Manufacturer admits that failures in the electronic and electronic systems causing steering, braking and acceleration modules to fail.

¶ 35. Manufacturer admits failures in steering, braking, and acceleration modules causes steering, acceleration and brakes to perform in an erratic manner out of user control resulting in accidents and death that are the fault of the user.

Petition for Post Conviction Collateral Relief Pursuant to 42 Pa.C.S. § 5451 *et seq.*, 8/3/15. Indeed, despite knowing all of the above information in August of 2015, Appellant apparently took no action for almost three years, when he finally reached out to Scott. Appellant argues that GM concealed "material

- 11 -

information concerning defective ignition switches in vehicles that caused electrical and electronic defects resulting in deaths..." Appellant's Brief at 15. Thus, he avers "he did not know or could not have known with the exercise of due diligence that GM impeded him from pursuing his claim sooner." *Id*. This argument is belied by the statements Appellant made in his earlier PCRA petition, which clearly establish that Appellant was aware of the alleged defects in the automobile, and the exercise of due diligence required him to take action in the intervening three years.[6] Appellant failed to exercise due diligence in pursuing his claim.

Here, Appellant was sentenced on March 15, 2013. Order, 3/15/13. He did not file a direct appeal, but instead filed a first PCRA petition on August 3, 2015. Petition for Post Conviction Collateral Relief Pursuant to 42 Pa.C.S. § 9541, 8/3/15. The instant petition, filed in 2018, is patently untimely. Appellant has failed to prove any exception to the timeliness requirement, therefore his petition is untimely, and we lack jurisdiction to consider the merits of the petition. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008).

Order affirmed.

---

[6] Later in his brief, where Appellant discusses the merits of his petition, he claims that two prior attorneys, including the attorney appointed after Appellant filed his earlier PCRA petition, contacted GM to inquire about a recall. Appellant, however, was already aware of the issues relating to the Camaro and the possible recalls.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/20